**ROGER EDWARDS, LLC, Plaintiff,**

v.

**FIDDES & SON, LTD., Defendant.**

No. 02–105–P–DMC.

United States District Court, D. Maine.

June 9, 2003.

Thomas F. Hallett, Portland, ME, for Plaintiff.

David Soley, Bernstein, Shur, Sawyer, & Nelson, Ronald W. Schneider, Jr., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Defendant.

### MEMORANDUM DECISION ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESSES [1]

COHEN, United States Magistrate Judge.

The defendant, Fiddes & Son, Ltd., moves *in limine* to exclude the following witnesses listed in the plaintiff's final pretrial memorandum from testifying at trial: Lee Kramer, Ken Pollitt, Jim Main, Jane Langdon, John Butterworth, Michael Clements, Gill Hummer, Ron Sullivan, Jack Rutledge, Peter Byrne, Stephen Davies and Damon Ford. Defendant's Motion in Limine to Exclude Witnesses Not Disclosed Until the Eve of Trial (Docket No. 47) at 1. The defendant represents that none of these proposed witnesses were identified in response to its interrogatory, served on June 12, 2002, seeking the names and addresses of all persons having knowledge concerning any of the claims set forth in the complaint or counterclaim, nor were they otherwise identified by the plaintiff during discovery. *Id.* at 1–2. The

plaintiff's final pretrial memorandum was filed on May 6, 2003. Docket No. 44. Trial is scheduled to begin July 15, 2003.

In response, the plaintiff withdraws Davies, Ford and Main from its witness list. Plaintiff's Opposition to Defendant's Motion *In Limine* to Exclude Witnesses Not Disclosed Until the Eve of Trial ("Opposition") (Docket No. 50) at [2] n. 1.[2] It contends that Congdon, Butterworth and Sullivan are "purchasing agent/owners" of companies listed on a document provided to the plaintiff by the defendant on August 2, 2002 and that the defendant "has known **at all pertinent times** the identities" of these individuals "since Defendant was selling directly to those individuals and companies." *Id.* at [1]–[2] (emphasis in original). The plaintiff contends that the defendant "was aware that subpoenas were served on these individuals by Plaintiff requesting information," *id.* at [2], a contention denied by the defendant, Defendant's Reply in Support of Its Motion in Limine to Exclude Witnesses Not Disclosed, etc. ("Reply") (Docket No. 56) at 2. The plaintiff has not submitted any evidence to support its assertion that the defendant or defense counsel was informed of the service of any such subpoenas. The plaintiff argues that "Defendant cannot seriously claim surprise with respect to" these proposed witnesses. Opposition at [2].

The plaintiff asserts that subpoenas were also served on Rutledge and Byrne of a corporation or entity to which the defendant sells product and that "[a]ny trial inquiry centers around information already available to Defendant," so that there is no surprise. *Id.*

With respect to Pollitt, the plaintiff states that he "is the first individual to confirm what Plaintiff suspected all along" and that the plaintiff's suspicions "were made known to Defendant both before this lawsuit, and during." *Id.* With respect to Hummer, the plaintiff states that an e-mail provided during discovery "referenc[es] Gill Hummer referral

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United states Magistrate Judge David M. Cohen conduct all proceedings in this case, including trial, and to order the entry of judgment.

2. Plaintiff's counsel is reminded that Local Rule 7(e) provides that all pages shall be numbered at the bottom.

by Fiddes to Robert Edwards LLC." *Id.* at [3]. According to the plaintiff, Kramer is a United States Customs agent "to whom a Release Authorization, executed by Defendant, was submitted.... All information provided pursuant to that release was provided to Defendant's attorneys." *Id.* The plaintiff does not mention Clements at all.

The plaintiff contends that the witnesses at issue were identified two months before trial and were "known all along by the Defendant to have pertinent information." *Id.* It asserts that it was "unaware of the significance of any of the pertinent witnesses" until it received the document from the defendant on August 2, 2002 and the subpoenaed information at some unspecified time after its answers to interrogatories were filed. *Id.* It does not explain why it did not identify these witnesses promptly after August 2, 2002 or whenever it did become aware of their significance. It argues that the defendant has not shown that the plaintiff acted in bad faith or that the defendant will be prejudiced by these late additions to its witness list and that the motion must therefore be denied. *Id.* at [3]-[4].

The defendant responds, convincingly, that it had no knowledge of the existence of any of these witnesses or of the fact that they had knowledge about the plaintiff's claims. Reply at 1–2. It notes that there is insufficient time before trial for it to take the depositions of these nine witnesses. *Id.* at 2–3, 4. It also notes, *id.* at 2, that the document described by the plaintiff as "referencing Gill Hummer," is an e-mail dated January 4, 2001 with a postscript stating "well done on getting the order from Gill," Exh. C to Opposition, hardly the kind of information sufficient to inform the defendant that it is likely that Gill Hummer has information relative to the plaintiff's claims in this lawsuit and might be called to testify.

The scheduling order issued in this case set July 1, 2002 as the deadline for the plaintiff's initial disclosure under Fed. R.Civ.P. 26(a)(1). Scheduling Order with incorporated Rule 26(f) Order (Docket No. 7) at 1. That rule requires a plaintiff to provide to other parties, *inter alia*, "the name and, if known, the address and telephone number of

each individual likely to have discoverable information that the disclosing party may use to support its claims ...." The plaintiff is under a duty to supplement these disclosures, and its responses to requests for discovery such as interrogatories, "at appropriate intervals" if it learns that the information that was disclosed is incomplete and if the additional information has not been made known to the defendant during the discovery process. Fed.R.Civ.P. 26(e)(1).

Fed.R.Civ.P. 37(c)(1) "provides an exclusionary sanction for failures to disclose witnesses as required by Fed.R.Civ.P. 26." *Grajales–Romero v. American Airlines, Inc.*, 194 F.3d 288, 297 (1st Cir.1999). The rule provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness ... not so disclosed.

Fed.R.Civ.P. 37(c)(1). Here, the plaintiff has not shown substantial justification for its failure to disclose these witnesses earlier. Even if it had made such a showing, the plaintiff has not shown that its failure to do so is harmless. In *Grajales–Romero* the defendant attempted at the time of the final pretrial conference to substitute for previously named witnesses the current holders of the corporate positions that had been held by the named witnesses. 194 F.3d at 297. The court excluded those witnesses under Rule 37(c)(1) and the First Circuit upheld the exclusion. *Id.* The plaintiff here offers significantly less justification for its attempted additions to its witness list than did the defendant for its attempted substitution of witnesses in *Grajales–Romero*. The First Circuit stated its rationale for this type of exclusion more generally in *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir.1998): "[A]bsent some unusual extenuating circumstances ... the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from trial." No such extenuating circumstances are presented by the plaintiff here.

The defendant's motion *in limine* to exclude the testimony of Kramer, Pollitt, Langdon, Butterworth, Clements, Hummer, Sullivan, Rutledge and Byrne is **GRANTED**. *See generally* 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2289.1 (2d ed.1994).